**UNITED STATES COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

Case No.:

ALBERTO J. GALUE ACOSTA,
CARLOS ANDARA JAVITT,
DANIEL SALAS VASQUEZ,
DESIREE MONTES,

      Plaintiff(s),

vs.

AM DRYWALL CONTRACTORS INC.,
a Florida Profit Corporation,
ANTANACIO ANDARCIA,
ANNELYS ANDARCIA,

      Defendant(s).

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, ALBERTO J. GALUE ACOSTA ("Acosta"), CARLOS ANDARA JAVITT ("Javitt"), DANIEL SALAS VASQUEZ ("Vasquez"), and DESIREE MONTES ("Montes") (collectively, "Plaintiffs"), by and through the undersigned attorneys, sue Defendants, AM DRYWALL CONTRACTORS INC. ("AM DRYWALL"), ATANACIO ANDARCIA ("Mr. Andarcia"), and ANNELYS ANDARCIA ("Mrs. Andarcia") (collectively, "Defendants"), and allege the following:

## GENERAL ALLEGATIONS

1. This is an action to recover the unpaid wages and overtime compensation, liquidated damages, attorneys' fees and costs pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et seq.* against Defendants.

2. Mr. Acosta resides within the geographical jurisdiction of the Middle District of Florida, is over the age of 18 and is otherwise *sui juris.*

3. Mr. Javitt resides within the geographical jurisdiction of the Middle District of Florida, is over the age of 18 and is otherwise *sui juris*.

4. Mr. Vasquez resides within the geographical jurisdiction of the Middle District of Florida, is over the age of 18 and is otherwise *sui juris*.

5. Ms. Montes resides within the geographical jurisdiction of the Middle District of Florida, is over the age of 18 and is otherwise *sui juris*.

6. AM DRYWALL is a Florida profit corporation, with its principal place of address at 5825 Lake Lizzie Dr., Saint Cloud, FL 34771, and within the jurisdiction of this Court.

7. At all times material hereto, AM DRYWALL employed Plaintiffs.

8. Mr. Andarcia resides within the geographical jurisdiction of the Middle District of Florida, is over the age of 18 and is otherwise *sui juris*.

9. At all times material hereto, Mr. Andarcia was CEO and President of AM Drywall and jointly responsible for its daily operations.

10. Mrs. Andarcia resides within the geographical jurisdiction of the Middle District of Florida, is over the age of 18 and is otherwise *sui juris*.

11. At all times material hereto, Mrs. Andarcia was Secretary of AM DRYWALL and jointly responsible for its daily operations.

12. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

13. Upon information and belief, AM DRYWALL's gross annual revenues were in excess of $500,000.00 per year in the years 2016, 2017, and 2018, and will be in 2019.

14.     At all relevant times, Defendants have been and continue to be an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. Upon information and belief, AM DRYWALL moved goods in interstate commerce in the years 2016 – 2019. AM DRYWALL has employed and/or continues to employ "employee[s]," including Plaintiffs, who themselves handled equipment and supplies that had travelled in interstate "commerce" for the purpose of improving real property and structures thereon.

15.     Therefore, based on the aforementioned, Defendants were at all times hereafter mentioned, engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§203(r) and 203(s).

16.     At all times material hereto, Plaintiffs, in performing their job duties, were engaged in commerce within the meaning of 29 U.S.C.  §§203(b), 203(r), 203(s), 206(a) and 207(a).

17.     From 2016 – 2019, Plaintiffs were employed by Defendants as manual laborers.

18.     At all times pertinent to the Complaint, Defendants failed to comply with §§ 29 U.S.C. 201- 219 as Plaintiffs performed hours of service for AM DRYWALL in excess of forty (40) hours during one or more workweeks, for which AM DRYWALL failed to properly pay additional overtime premiums.

19.     Plaintiffs were not exempt from the right to receive the appropriate overtime pay under the FLSA.

20.     Rather, Plaintiffs solely performed non-exempt "maintenance" work, that is, Plaintiffs primary duties consisted of manual labor.

21.     Plaintiffs were not relatively free from supervision in connection with matters of significance such as building management or operations. Moreover, Plaintiff did not customarily and regularly supervise two (2) or more full-time employees or their equivalent.

22.     Plaintiffs were paid a flat salary per week, regardless of hours or days worked.

23.     Defendants further failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Plaintiffs.

24.     The pay practice on the part of Defendants violated the FLSA as it failed to properly pay overtime to Plaintiffs for those hours worked in excess of forty (40).

25.     During the two (2) years preceding the filing of this lawsuit, AM DRYWALL and MR. ANDARCIA (1) employed Plaintiffs (2) classified and continued to classify them as exempt for purposes of overtime compensation eligibility; and (3) suffered or permitted to be suffered, with knowledge, hours of service by Plaintiffs in excess of forty (40) during one or more workweeks, for which Defendants failed to properly pay additional overtime premiums.

<u>**COUNT I**</u>
<u>**RECOVERY OF UNPAID OVERTIME- VIOLATION OF THE FLSA, 29 U.S.C. § 207**</u>
<u>**ON BEHALF OF PLAINTIFF ACOSTA AGAINST ALL DEFENDANTS**</u>

26.     ALBERTO J. GALUE ACOSTA re-alleges and reaffirms paragraphs 1 through 25 as if fully set forth herein.

27.     This is an action for Unpaid Overtime on behalf of Mr. Acosta against Defendants.

28.     During Mr. Acosta's employment with Defendants, he worked hours in excess of forty (40) for which he was not compensated.

29.     Mr. Acosta was entitled to be paid at the rate of time and one-half for hours worked in excess of forty (40) hours per week pursuant to the FLSA.

30.     Mr. Acosta was never paid overtime for the hours he worked for the Defendants from April, 2017 through August, 2019. As such, for purposes of this lawsuit, Mr. Acosta is entitled to a look-back time period of his entire time of employment.

31.     Mr. Acosta was entitled to be paid the regular rate and overtime rate for the relevant time periods of his employment.

32.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by Defendants failure to pay Mr. Acosta for the hours he worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

33.     Defendants failed to properly disclose or apprise Mr. Acosta of his rights under the FLSA.

34.     Defendants failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Mr. Acosta.

35.     Mr. Acosta is entitled to liquidated damages pursuant to the FLSA.

36.     Due to the intentional, willful, and unlawful acts of the Defendants, Mr. Acosta has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, together with interest.

37.     Mr. Acosta is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

38.     Mr. Acosta demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff, ALBERTO J. GALUE ACOSTA, respectfully requests that a judgment be entered against Defendants, AM DRYWALL CONTRACTORS INC., ATANACIO ANDARCIA, and ANNELYS ANDARCIA, jointly and severally:

a. Declaring that Defendants have violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding him overtime compensation in the amount to be calculated;

c. Awarding him liquidated damages in the amount to be calculated;

d. Awarding him reasonable attorneys' fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding him pre- and post-judgment interest; and

f. Ordering any other and further relief this Honorable Court deems to be just and proper, including but not limited to relief in favor of all others similarly situated who join this action after notice.

## COUNT II
## RECOVERY OF UNPAID OVERTIME- VIOLATION OF THE FLSA, 29 U.S.C. § 207 ON BEHALF OF PLAINTIFF JAVITT AGAINST ALL DEFENDANTS

39.     CARLOS ANDARA JAVITT re-alleges and reaffirms paragraphs 1 through 25 as if fully set forth herein.

40.     This is an action for Unpaid Overtime on behalf of Mr. Javitt against Defendants.

41.     During Mr. Javitt's employment with Defendants, he worked hours in excess of forty (40) for which he was not compensated.

42.     Mr. Javitt was entitled to be paid at the rate of time and one-half for hours worked in excess of forty (40) hours per week pursuant to the FLSA.

43.     Mr. Javitt was never paid overtime for the hours he worked for the Defendants from February, 2019 through August, 2019. As such, for purposes of this lawsuit, Mr. Javitt is entitled to a look-back time period of his entire time of employment.

44.     Mr. Javitt was never paid overtime for the hours he worked for the Defendants.

45.     Mr. Javitt was entitled to be paid the regular rate and overtime rate for the relevant time periods of his employment.

46.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by Defendants failure to pay Mr. Javitt for the hours he worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

47.     Defendants failed to properly disclose or apprise Mr. Javitt of his rights under the FLSA.

48.     Defendants failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Mr. Javitt.

49.     Mr. Javitt is entitled to liquidated damages pursuant to the FLSA.

50.     Due to the intentional, willful, and unlawful acts of the Defendants, Mr. Javitt has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, together with interest.

51.     Mr. Javitt is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

52.     Mr. Javitt demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff, CARLOS ANDARA JAVITT, respectfully requests that a judgment be entered against Defendants, AM DRYWALL CONTRACTORS INC., ATANACIO ANDARCIA, and ANNELYS ANDARCIA, jointly and severally:

a.     Declaring that Defendants have violated the overtime provisions of 29 U.S.C. § 207;

b.     Awarding him overtime compensation in the amount to be calculated;

c.     Awarding him liquidated damages in the amount to be calculated;

d.   Awarding him reasonable attorneys' fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e.   Awarding him pre- and post-judgment interest; and

f.   Ordering any other and further relief this Honorable Court deems to be just and proper, including but not limited to relief in favor of all others similarly situated who join this action after notice.

## <u>COUNT III</u>
### <u>RECOVERY OF UNPAID OVERTIME- VIOLATION OF THE FLSA, 29 U.S.C. § 207 ON BEHALF OF PLAINTIFF VASQUEZ AGAINST ALL DEFENDANTS</u>

53.   DANIEL SALAS VASQUEZ re-alleges and reaffirms paragraphs 1 through 25 as if fully set forth herein.

54.   This is an action for Unpaid Overtime on behalf of Mr. Vasquez against Defendants.

55.   During Mr. Vasquez's employment with Defendants, he worked hours in excess of forty (40) for which he was not compensated.

56.   Mr. Vasquez was entitled to be paid at the rate of time and one-half for hours worked in excess of forty (40) hours per week pursuant to the FLSA.

57.   Mr. Vasquez was never paid overtime for the hours he worked for the Defendants from February, 2019 through August, 2019. As such, for purposes of this lawsuit, Mr. Vasquez is entitled to a look-back time period of his entire time of employment.

58.   Mr. Vasquez was never paid overtime for the hours he worked for the Defendants.

59.   Mr. Vasquez was entitled to be paid the regular rate and overtime rate for the relevant time periods of his employment.

60.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by Defendants failure to pay Mr. Vasquez for the hours he worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

61.     Defendants failed to properly disclose or apprise Mr. Vasquez of his rights under the FLSA.

62.     Defendants failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Mr. Vasquez.

63.     Mr. Vasquez is entitled to liquidated damages pursuant to the FLSA.

64.     Due to the intentional, willful, and unlawful acts of the Defendants, Mr. Vasquez has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, together with interest.

65.     Mr. Vasquez is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

66.     Mr. Vasquez demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff, DANIEL SALAS VASQUEZ, respectfully requests that a judgment be entered against Defendants, AM DRYWALL CONTRACTORS INC., ATANACIO ANDARCIA, and ANNELYS ANDARCIA, jointly and severally:

a.  Declaring that Defendants have violated the overtime provisions of 29 U.S.C. § 207;

b.  Awarding him overtime compensation in the amount to be calculated;

c.  Awarding him liquidated damages in the amount to be calculated;

d.  Awarding him reasonable attorneys' fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e.   Awarding him pre- and post-judgment interest; and

f.   Ordering any other and further relief this Honorable Court deems to be just and proper, including but not limited to relief in favor of all others similarly situated who join this action after notice.

## COUNT IV
## RECOVERY OF UNPAID OVERTIME- VIOLATION OF THE FLSA, 29 U.S.C. § 207 ON BEHALF OF PLAINTIFF MONTES AGAINST ALL DEFENDANTS

67.     DESIREE MONTES re-alleges and reaffirms paragraphs 1 through 25 as if fully set forth herein.

68.     This is an action for Unpaid Overtime on behalf of Ms. Montes against Defendants.

69.     During Ms. Montes's employment with Defendants, she worked hours in excess of forty (40) for which she was not compensated.

70.     Ms. Montes was entitled to be paid at the rate of time and one-half for hours worked in excess of forty (40) hours per week pursuant to the FLSA.

71.     Ms. Montes was never paid overtime for the hours she worked for the Defendants from February, 2019 through August, 2019. As such, for purposes of this lawsuit, Ms. Montes is entitled to a look-back time period of her entire time of employment.

72.     Ms. Montes was never paid overtime for the hours she worked for the Defendants.

73.     Ms. Montes was entitled to be paid the regular rate and overtime rate for the relevant time periods of her employment.

74.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by Defendants failure to pay Ms. Montes for the hours she worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

75.     Defendants failed to properly disclose or apprise Ms. Montes of her rights under the FLSA.

76.     Defendants failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Ms. Montes.

77.     Ms. Montes is entitled to liquidated damages pursuant to the FLSA.

78.     Due to the intentional, willful, and unlawful acts of the Defendants, Ms. Montes has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, together with interest.

79.     Ms. Montes is entitled to an award of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

80.     Ms. Montes demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff, DESIREE MONTES, respectfully requests that a judgment be entered against Defendants, AM DRYWALL CONTRACTORS INC., ATANACIO ANDARCIA, and ANNELYS ANDARCIA, jointly and severally:

    a.  Declaring that Defendants have violated the overtime provisions of 29 U.S.C. § 207;

    b.  Awarding her overtime compensation in the amount to be calculated;

    c.  Awarding her liquidated damages in the amount to be calculated;

    d.  Awarding her reasonable attorneys' fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.  Awarding her pre- and post-judgment interest; and

f.   Ordering any other and further relief this Honorable Court deems to be just and proper, including but not limited to relief in favor of all others similarly situated who join this action after notice.

Respectfully Submitted on this 31st day of October, 2019.

Pike & Lustig, LLP
*/s/ Daniel Lustig*
Michael J. Pike
Florida Bar No.: 617296
Daniel Lustig
Florida Bar No.: 059225
1209 N. Olive Ave.
West Palm Beach, FL 33401
Telephone: (561) 855-7585
Facsimile: (561) 855-7710
Email:  **pleadings@pikelustig.com**
*Counsel for Plaintiffs*